IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JACKIE JOHNSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 04-1520-SLR |
| | : | Criminal Action No. 96-45-SLR |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**UNITED STATES' RESPONSE TO PETITIONER'S
28 U.S.C. § 2255 MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE**

The United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney, and April M. Byrd, Assistant United States Attorney, hereby responds to the petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. For the reasons set forth below, the motion is without merit and should be denied.

1. On September 23, 1997, the petitioner was sentenced to 120 months imprisonment for various drug trafficking offenses. *See* Exh. A. On November 22, 1999, the petitioner's sentence was modified to 86 months imprisonment, followed by five (5) years supervised release. *See* Exh. B. One of the mandatory terms of the petitioner's supervised release was that he not commit any federal, state or local crime or possess a controlled substance. *See* Exh. C. The petitioner further acknowledged that "[r]evocation of probation and supervised release was mandatory for possession of a controlled substance." *See id.*

2. On January 5, 2004, the United States Probation Office moved to revoke the petitioner's supervised release arising from his arrest by the Delaware State Police on December

31, 2003 for possession with intent to distribute cocaine. *See* Exh. D.[1]  After an evidentiary hearing on April 26, 2004, the Court found that the petitioner had committed "another federal, state or local crime," to wit, the drug charge for which he was arrested, and had thereby violated a Grade A Mandatory Condition of his supervised release. *See* Exh. F.  The Court therefore revoked the petitioner's supervised release and sentenced him to the maximum guideline term of 24 months imprisonment. *See id.*; Exh. E.[2]

    3.    The petitioner now seeks to vacate his sentence in the hope of "immediate release." Specifically, the petitioner claims that counsel was ineffective for not objecting to the classification of the petitioner's supervised release as a Class A violation.  He further contends that the preponderance of the evidence standard used at the revocation hearing violates his Sixth Amendment rights.  As set forth below, the petitioner's claims are wholly without merit.

    4.    If the Court reaches the merits of the petitioner's claims notwithstanding his failure to comply with Rule 2(b), an evidentiary hearing on his motion is not warranted because the existing record is sufficient to permit the Court to evaluate fully the issues presented. *See United States v. Nino*, 878 F.2d 101, 103 (3d Cir. 1989) (evidentiary hearing is not required where motion and record establish that petitioner is not entitled to relief); *see also Soto v. United States*, 369 F. Supp. 232, 241-42 (E.D. Pa. 1973) (relevant inquiry in determining whether to hold hearing is whether additional facts are required for fair adjudication).

---

[1] The petitioner jumped bail and was a fugitive for several months until apprehended by the United States Marshal's Service. *See* Exh. E.

[2] At the hearing, the Government adduced unrebutted evidence that the petitioner possessed 257 grams of cocaine **base** with intent to distribute it. *See* Hrg. Tr. at 18-22. Thereafter, on September 28, 2004, the petitioner was indicted in the United States District Court for the District of Delaware for possession with intent to distribute more than fifty (50) grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  That case is pending under Criminal Action No. 04-103-SLR.

5. To prevail on a claim for ineffective assistance of counsel, the petitioner must satisfy the two-prong standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The first prong of the *Strickland* standard requires the petitioner to show that his attorney's alleged errors were so egregious as to fall below an "objective standard of reasonableness." *See id.* at 687-88. In determining whether an attorney's representation was objectively reasonable, "judicial scrutiny of counsel's performance must be highly deferential," and "the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *See id.* at 689. In turn, the petitioner must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound . . . strategy.' " *See id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Under the second prong of *Strickland*, the petitioner must demonstrate that he was actually prejudiced by his attorney's alleged errors, meaning that there is a reasonable probability that, but for his attorney's faulty performance, the outcome of the proceedings would have been different. *See Strickland*, 466 U.S. at 692-94; *Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992). To establish prejudice, the petitioner must also show that his attorney's errors rendered the proceedings fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). As such, a purely outcome-determinative approach is insufficient. *See id.*; *Flamer v. State*, 68 F.3d 710, 729 (3d Cir. 1995).

6. The petitioner's ineffective assistance of counsel claim squarely fails to satisfy his burden. According to the petitioner, the Court and his counsel erred in classifying his violation of supervised release -- possession with intent to distribute cocaine base -- as a Class A violation mandating revocation of supervised release and calling for the imposition of an 18-24 month

term of imprisonment.  Contrary to the petitioner's position, the commission of a "controlled substance offense," one that involves the distribution of or possession with intent to distribute a controlled substance, is a Grade A violation, which mandates the revocation of supervised release.  *See* U.S.S.G. §§7B1.1(a)(1) and 7B1.3(a)(1); Exh. D.  The Court found that the petitioner committed a controlled substance offense.  *See* Hrg. Tr. at 29-31.  Because the petitioner's violation of supervised release was in fact a Class A violation, his ineffective assistance of counsel claim simply fails, and should be denied.

       7.    The petitioner's Sixth Amendment claim is similarly deficient.  The Supreme Court's *Blakely* and *Booker* decisions address the right to a jury trial on certain factual issues.  Contrary to the petitioner's position, there is no right whatsoever to a jury trial *after* an individual has been convicted of a crime and faces revocation of his supervised release.  *Blakely* and *Booker* are therefore inapposite, and the petitioner's claim should be denied.

      **WHEREFORE**, for all the foregoing reasons, the Untied States respectfully requests that the Court dismiss the petitioner's motion without an evidentiary hearing.

      Respectfully submitted,

      COLM F. CONNOLLY
      United States Attorney

BY:     /s/
      April M. Byrd
      Assistant United States Attorney

Dated:  May 2, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2005, two copies of the foregoing:

UNITED STATES' RESPONSE TO PETITIONER'S
28 U.S.C. § 2255 MOTION TO VACATE
SET ASIDE OR CORRECT SENTENCE

were served via first class mail, postage prepaid, to the petitioner as follows:

Jackie Johnson
Reg. No. 03800-015
Salem County Detention
125 Cemetery Road
Woodstown, NJ 08098

/s/
April M. Byrd
Assistant United States Attorney