IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JACKIE M. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Crim. No. 96-0045-SLR |
| ) | Civ. No. 04-1520-SLR |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

Jackie M. Johnson, Woodstown, New Jersey. Petitioner, pro se.

Colm F. Connolly, United States Attorney and Christopher J. Burke, Assistant United States Attorney, United States Attorney's Office, Wilmington, Delaware. Attorneys for Respondent.

**MEMORANDUM OPINION**

Dated: February 2, 2006
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

Petitioner Jackie M. Johnson is a federal inmate. Before the court is petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] (D.I. 85) Respondent United States of America has filed its opposition. (D.I. 95, 96) The court has jurisdiction pursuant to 28 U.S.C. § 2255. For the reasons that follow, petitioner's application for relief is denied.

## II. BACKGROUND

On September 23, 1997, petitioner was sentenced to 120 months imprisonment for various drug trafficking offenses.[2] (D.I. 46) On November 22, 1999, petitioner's sentence was modified to 86 months imprisonment, followed by five years supervised release. (D.I. 72) One of the mandatory terms of petitioner's supervised release was that he not commit any federal, state or local crime or possess a controlled substance. (D.I. 72) Further, according to the terms of the supervised

---

[1] Prisoners in federal custody may attack the validity of their sentences under 28 U.S.C. § 2255. Section 2255 is a vehicle to cure jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979); see also, United States v. Addonizio, 442 U.S. 178 (1979); United States v. Essig, 10 F.3d 968 (3d Cir. 1993).

[2] Petitioner pled guilty to distribution of cocaine, conspiracy to distribute cocaine and cocaine base and money laundering. (D.I. 46)

release, the "[r]evocation of probation and supervised release is mandatory for possession of a controlled substance." (Id.)

On December 31, 2004, petitioner was arrested by the Delaware State Police for possession with intent to distribute cocaine.[3] The United States Probation Office moved to revoke petitioner's supervised release on January 5, 2004. (D.I. 74) After conducting an evidentiary hearing, the court found that petitioner had committed "another federal, state or local crime"[4] and had thereby violated a Grade A mandatory condition of his supervised release. (D.I. 83) The court revoked petitioner's supervised release and sentenced him to the maximum guideline term of 24 months imprisonment. (Id.)

III. DISCUSSION

A. Evidentiary Hearing

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the court has reviewed petitioner's motion and respondent's answer, as well as the record, and concludes that an evidentiary hearing is not required. United States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005)(denying a petitioner's request for

---

[3]As a result, a federal grand jury returned an indictment charging petitioner with possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). United States v. Jackie Johnson, 04-103-SLR.

[4]Specifically, the court found petitioner committed the drug charge for which he was arrested.

2

an evidentiary hearing is an abuse of discretion when files and records of case conclusively establish movant is entitled to relief). Instead, the court will evaluate the issues on the record presented. Government of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989)(evidentiary hearing not required where petition and record demonstrate that petitioner was not entitled to relief); United States v. Nino, 878 F.2d 101, 103 (3d Cir. 1989)(decision to hold hearing is in sound discretion of court).

### B. Sixth Amendment

Petitioner alleges that his Sixth Amendment rights were violated when the court concluded he committed a class A felony by a preponderance of the evidence, as opposed to using the "beyond a reasonable doubt" standard. Petitioner also asserts that he was denied effective assistance of counsel in violation of the Sixth Amendment because his counsel did not argue that petitioner's violation was not a class A violation.

#### 1. Standard For Determining Revocation of Supervised Release

Petitioner asserts that Blakely v. Washington, 542 U.S. 296 (2004), requires the court to use the "beyond a reasonable doubt" standard when determining whether supervised release is revoked.

Because the court made certain factual findings,[5] which were not proven to a jury beyond a reasonable doubt and were not stipulated to by the parties, petitioner contends that his sentence violates his Sixth Amendment rights.

The provision at issue states that the court may revoke a petitioner's supervised release if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). The Supreme Court resolved the effect of the Blakely decision on the Federal Sentencing Guidelines (the "Guidelines") for a criminal defendant in violation of a statute. United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). The Court held that "the Sixth Amendment as construed in Blakely does apply to the [Federal] Sentencing Guidelines." 543 U.S. at ___, 125 S.Ct. at 746. Booker was decided by two opinions of the Court approved by different majorities. Id. The first opinion, authored by Justice Stevens, reaffirmed the Court's holding in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756. In the second opinion, authored by Justice

---

[5]Petitioner's supervised release was revoked after the court found that petitioner had committed a controlled substance offense.

4

Breyer, the Court held that 18 U.S.C. § 3553(b)(1), the provision of the Sentencing Reform Act of 1984 which made the Guidelines mandatary, was incompatible with the Court's constitutional ruling and, therefore, the Court severed §§ 3553(b)(1) and 3742(e). The "net result was to delete the mandatory nature of the Guidelines and transform them to advisory guidelines for the information and use of the district courts in whom discretion has now been reinstated." United States v. Ordaz, 398 F.3d 236, 239 (3d Cir. 2005); In re Olopade, 403 F.3d 159 (3d Cir. 2005).

Blakey and Booker do not demand that, in a revocation hearing, violations must be proved beyond a reasonable doubt. The court concludes that a preponderance of the evidence standard, as stated in the statute, is appropriate.

Moroever, the Supreme Court has recognized that a defendant charged with violating a release condition, unlike a defendant charged with violating a statute, does not enjoy "the full panoply of rights" normally available in a criminal proceeding. Morrissey v. Brewer, 408 U.S. 471, 480 (1972). "Defendants in revocation proceedings face a lower standard of proof." United States v. Loy, 237 F.3d 251, 260 (3d. Cir. 2001) (recognizing the preponderance of the evidence burden of proof in revocation of supervised parol proceedings). Loy was decided prior to the Booker decision, but the court finds the preponderance of the

evidence standard is still applicable in revocation of supervised release violations.

In support, the court recognizes that the Supreme Court made clear that there would be no Sixth Amendment violation if the Guidelines were merely advisory. Booker, 543 U.S. at ___, 125 S.Ct. at 750. The supervised release provisions in Guidelines are merely advisory. See U.S.S.G. §§ 7B1.1-7B1.5; see also United States v. Brady, 88 F.3d 225, 229 (3d Cir. 1996) (concluding that Chapter 7 of the Sentencing Guidelines are merely advisory and not binding on district courts); United States v. Hinson, 429 F.3d 114, 117 (5th Cir. 2005) (listing circuits that have concluded that the mandatory sentencing guidelines have never been applicable to revocation of supervised release; rather, only advisory policy statements apply to sentences imposed upon revocation); United States v. Nace, 418 F.3d 945, 949 (8th Cir. 2005) ("[E]ven before Booker the guidelines applicable to sentences imposed upon revocation of supervised release were advisory only.").

Furthermore, the Booker decision addressed two specific statutory provisions: (1) "the provision requiring sentencing courts to impose a sentence within the applicable Guidelines ranges"; and (2) "the provision that sets forth standards of review on appeal." Booker, 543 U.S. at ___, 125 S.Ct. at 764. The opinion explicitly noted that "most of the statute is

6

perfectly valid" and cited, among other provisions, § 3583 (supervised release). Id. at 764.

After concluding that the provision requiring only a preponderance of the evidence is valid, petitioner's argument fails. Because the court found, by a preponderance of the evidence, that petitioner violated a condition of his supervised release, petitioner's motion is denied.

### 2. Ineffective Assistance Of Counsel

The Sixth Amendment guarantees an accused the assistance of counsel in all criminal proceedings, and the Supreme Court has interpreted this right to mean the effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, petitioner must demonstrate that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) there exists a reasonable probability that the proceeding, but for counsel's unprofessional errors, would have concluded with a different result. See id. at 687, 694; Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996) (holding that petitioner must demonstrate "a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different"). However, when evaluating counsel's performance, a court should not "focus . . . solely on mere outcome determination, without attention to whether the result of

the proceeding was fundamentally unfair or unreliable." <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369 (1993). A court must consider the totality of the circumstances of the case and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 688, 689.

Petitioner alleges that he was denied effective assistance of counsel on the grounds that his attorney failed to argue at the revocation hearing that his violation was not a grade A violation. Contrary to petitioner's position, the commission of a "controlled substance offense," one that involves the distribution of or possession with intent to distribute a controlled substance,[6] is a grade A violation, which mandates the revocation of supervised release. U.S.S.G. § 7B1.1(a) ("Grade A Violations--conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . ., (ii) is a controlled substance offense . . ."); U.S.S.G. § 7B1.3(a)(1)("Upon a finding of a Grade A or B violation, the court shall revoke probation or supervised

---

[6]"The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. 4B1.2(b).

8

release"). Because petitioner was found by the court to have committed a controlled substance offense, the ineffective assistance of counsel claim fails.

## IV. CONCLUSION

For the reasons stated, petitioner's application for relief is denied. An appropriate order shall issue.